1123–24 (Fed.Cir.1996). The petitioner bears the burden of showing that a resignation was involuntary. *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1244 (Fed.Cir.1991). An employee may demonstrate the involuntariness of a resignation by showing that the resignation was the product of coercion by the agency. *Dumas v. Merit Sys. Prot. Bd.*, 789 F.2d 892, 894 (Fed.Cir.1986).

In order to demonstrate that a resignation was involuntary due to coercion, an employee must show that the agency effectively imposed the terms of the resignation, that the employee had no realistic alternative but to resign, and that the resignation was the result of improper acts by the agency. *Schultz v. United States Navy*, 810 F.2d 1133, 1136 (Fed.Cir.1987). The doctrine of coercive involuntariness does not apply whenever an employee is faced with an unpleasant situation or must choose between unattractive options, such as accepting a geographical transfer or resigning. *Staats*, 99 F.3d at 1124. To establish that a resignation was involuntary, the employee must demonstrate that a reasonable employee in the same situation would have felt coerced into resigning. *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (Fed.Cir.1999).

We uphold the Board's decision that Ms. Selph was not coerced by DODEA into resigning. The administrative judge found credible evidence showing that by August 8, 1997, when Ms. Selph submitted her resignation, Dr. Bresell and Dr. Rehrig had: (1) assured Ms. Selph that Mr. Davis would not be in any position of authority over her; (2) repeatedly assured Ms. Selph that Mr. Davis would not be able to retaliate against her; and (3) offered Ms. Selph a choice of positions so that she would not be at the same school as Mr. Davis for the coming school year. In addition, the administrative judge found that Ms. Selph knew that Mr. Davis was subject to a Military Protection Order that barred him from having any contact whatsoever with her. The evidence summarized by the administrative judge was sufficient to support the administrative judge's conclusion that Ms. Selph was no longer subjected to a hostile working environment at the time she resigned her position. Because there is sufficient evidence in the record to show that Ms. Selph's resignation was voluntary, we affirm the Board's decision.

**Kevin CONWAY, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 02–5013.**

United States Court of Appeals, Federal Circuit.

June 20, 2002.

**ORDER**

The appellant having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for

failure to prosecute in accordance with the rules.

Joseph Kwame OKOR, Plaintiff–Appellant,

v.

ATARI GAMES CORP. and Midway Games Inc., and Bandai Co. Ltd., and Capcom Entertainment Inc., and Jaleco USA Inc., and Konami of America Inc., and Namco of America Inc., and Sega Enterprises Inc. (USA) and Sega of America Dreamcast, Inc., and Sammy USA Corp., and Sony Corporation of America, and Nintendo of America, Inc., and Acclaim Entertainment Inc., Best Buy Co., Inc., Blockbuster, Inc., Electronic Arts Inc., Electronics Boutique Holdings Corp., Kmart Corporation, Taito Corporation, Tele–Communications, Inc., Toys R US, and Wal–Mart Stores, Inc., Defendants–Appellees.

Gilda E. LEVI, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 02–7269.

United States Court of Appeals, Federal Circuit.

June 26, 2002.

**ORDER**

The appellant having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

Nos. 02–1383, 02–1384, 02–1385.

United States Court of Appeals, Federal Circuit.

July 1, 2002.

**ORDER**

The appellant having failed to pay the docketing fees required by Federal Circuit Rule 52(a)(1) within the time permitted by the rules, it is

ORDERED that the notices of appeal be, and the same hereby are DISMISSED, for failure to prosecute in accordance with the rules.